IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERMAN ANTWAN BROADAHEAD,            :

    Plaintiff,                                   :

vs.                                                      :       CIVIL ACTION 14-216-CB-N

CYNTHIA D. MCCOVERY, et al.,              :

    Defendants.                                :

REPORT AND RECOMMENDATION

This action is before the Court on a motion for a temporary restraining order ("motion") filed by plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis.[1] (Doc. 34). This § 1983 action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is recommended that plaintiff's motion be denied.

**I. Proceedings.**

    **A. Motion for Temporary Restraining Order.** (Doc. 34).

At the outset, the Court notes that the allegations in plaintiff's motion are varied and do not correspond to the allegations in his complaint. These allegations are recounted as follows.

Plaintiff alleges that on August 25, 2014, defendant Larry Bailey and cert-team officers "hit [his] head against the floor and bust it open onside [sic] of [his] eye." (Doc. 34 at 1). Plaintiff states that he "did a body chart" and is going to file another complaint on that incident.

---

[1] Subsequent to filing this motion on March 11, 2015 (Doc. 34), plaintiff notified the Court on April 13, 2015 of a temporary change in his address to Monroe County Detention Center. (Doc. 42).

(Id. at 2).

Also, plaintiff alleges that he cannot sleep because he fears for his life due to defendant Danny Fountain telling plaintiff that "he is going to kill [plaintiff]." (Id. at 2).

Plaintiff further alleges that Warden Walter Myers, a non-defendant, will not release him from segregation even though he has done his time, which is due to Myers not liking him. (Id.). He claims that he is being held for no reason in segregation and refers the Court to three exhibits attached to his motion. (Id.; 4-6). While in segregation, he maintains that he cannot receive anything from the law library. (Id. at 2). That is, he has been asking for the past two months for the "Alabama Rules of Court [] Federal" and has not received it. (Id.). Plaintiff asserts that "[he] can't gather nothing without looking in these books and this is prejudice towards [him,] because [he] does not have a lawyer to help [him] with what [he] needs." (Id.).

For relief, plaintiff asks the Court for a "temporary restraining order on all of the[] defendants," (the individual names of all defendants were reiterated in the motion). (Id. at 1). Further, he "ask[ed] the court to grant [his] motion d[ue] to what's going on." (Id. at 2).

**B. Amended Complaint.** (Doc. 15).

In the amended complaint before the Court, plaintiff complains about being sprayed with mace on August 20, 2013, in his segregation cell at Fountain Correctional Facility after he refused to be handcuffed. (Doc. 15 at 4). After he was handcuffed, he was taken from his cell and leg irons were placed on him. (Id. at 4, 8). At that time, plaintiff complains about being sprayed again and being hit. (Id.). Plaintiff further complains about a ligament in his wrist being messed up which occurred when he was placed in the shower, the handcuffs were removed, and someone tried to break his wrist. (Id. at 8). For these acts, plaintiff seeks $250,000 and to make sure the officers do not do this again to him and others. (Doc. 15 at 4, 7, 9).

2

**III. Discussion.**

The primary purpose of a temporary restraining order or a preliminary injunction is to maintain the status quo of the parties until there is a trial on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). The "criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order." <u>Windsor v. United States</u>, 379 F. App'x 912, 916-17 (11th Cir. 2010) (unpublished). Preliminary injunctive relief "is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion on the following four prerequisites. <u>Zardui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985) (citation and quotations marks omitted). To prevail on a request for preliminary injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

<u>Id.</u> Moreover, injunctive relief will issue only if the complained of conduct is imminent and no other relief or compensation is available. <u>Cunningham v. Adams</u>, 808 F.2d 815, 821 (11th Cir. 1987). And a district court will "not issue a[] [preliminary] injunction when the injunction in question is not of the same character [as the relief requested], and deals with a matter lying wholly outside the issues in the suit." <u>Kaimowtitz v. Orlando, Fla.</u>, 122 F.3d 41, 43 (11th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1138 (1998).

Turning to the allegations in the motion, the Court finds that they are not based on the incident of which plaintiff complains in the amended complaint. The assault of August 14, 2014 in the motion is not alleged to have any connection to the incident of August 20, 2013 on which

the amended complaint is based.  In addition, plaintiff states that he plans on filing another action based on the August 14, 2014 assault, which is an appropriate way to address those claims.  Moreover, plaintiff does not connect the threat that he received from defendant Fountain - he is going to kill plaintiff – to the allegations in the amended complaint.

Furthermore, plaintiff alleges that a non-defendant, Warden Myers, will not release him from segregation and that he cannot receive a legal book while in segregation and therefore cannot obtain what he needs.  These allegations likewise are not connected to the present action, which the Court observes is being actively litigated by plaintiff.

Even though a court holds a pro se litigant's allegations to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), it cannot "rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937).  In the present instance, there is an absence of allegations in the motion connecting them to the claims in the amended complaint.  For this reason alone, the motion is due to be denied.  See Milliken v. Bradley, 433 U.S. 267, 281-82, 97 S.Ct. 2749, 2758, 53 L.Ed.2d 745 (1977) ("The well-settled principle that the nature and scope of the remedy are to be determined by the violation means simply that federal-court decrees must directly address and relate to the constitutional violation itself.  Because of this inherent limitation upon federal judicial authority, federal-court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate the Constitution or does not flow from such a violation . . . or if they are imposed upon governmental units that were neither involved in nor affected by the constitutional violation[.]"); see also Atakpu v. Lawson, No. 1:05-CV-00524,

4

2006 WL 3803193, at *1 (S.D. Ohio Nov. 28, 2006) (unpublished) (denying motion for injunctive relief containing claims for retaliation and harassment because they were separate from the medical claims raised in the prisoner's complaint) (citing cases); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969) (holding that an injunction binds only the party defendants in the action and those persons in active participation with them who receive actual notice).  For this reason alone, plaintiff's motion is due to be denied.

In the alternative, other grounds exist on which to deny this motion.  Chief among these grounds is plaintiff's failure to carry his burden of persuasion that he would suffer an irreparable injury if the injunctive relief would not issue.  The only possible injury, which was clearly expressed, is the threat of plaintiff being killed.  However, merely mentioning this threat is insufficient meet the burden persuasion to satisfy the burden of persuasion in order for injunctive to issue.  No other injury is articulated in relation to plaintiff's other allegations in the motion.  Due to plaintiff's failing to meet his burden of persuasion in regard to one element, the Court will not address the remaining elements inasmuch as plaintiff bears the burden of persuasion on each of the four elements.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)(finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor).  Because plaintiff failed to meet his burden on one element, plaintiff's motion is due to be denied for this alternate reason.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that plaintiff's motion for a temporary restraining order  (Doc. 34) be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 5th day of May  2015.

/s/ Katherine P. Nelson
_____
UNITED STATES MAGISTRATE JUDGE